city ordinance, in exhibiting their circus without a license from the city; and that the complainants having enrolled their vessel, and taken out a coasting license under the act of congress, have a right to exhibit their circus, without taking a license from the city. If this were admitted, does it follow, that the state tribunal should be enjoined?

There are two objections to the mode of proceeding suggested. 1. The circuit court of the United States has no power to enjoin a procedure in a state court. 2. There is a remedy at law. The federal and state courts, in many cases, exercise a concurrent jurisdiction; and in all such cases, the pendency of a suit in the state or federal court may be pleaded in abatement to an action brought for the same cause in any other court. In every respect, except where the acts of congress have made special provision, the courts of the state, and of the United States, are as distinct and independent in the exercise of their powers, as the courts of two separate and independent nations. No supervisory power can be exercised by a federal court over a state court, unless under some special provision. The exceptions are in behalf of citizens of other states, who may remove a suit from the state court to the circuit court of the United States, by application at the first term, and giving bail, &c. And also "where is drawn in question the validity of a treaty or statute of, or an authority exercised under the United States, and the decision is against their validity; or where is drawn in question the validity of a statute of, or an authority exercised under any state, on the ground of their being repugnant to the constitution, treaties or laws of the United States, and the decision is in favor of such their validity," &c., as provided in the 25th section of the judiciary act of 1789 [1 Stat. 85]. A writ of error lies from a state court to the supreme court of the United States. But this right can only be exercised in the mode prescribed. The question must be made in the state court, and the decision must be against the right set up. This gives no original jurisdiction to the circuit court; it only authorizes a writ of error to reverse a judgment of the highest court in a state under the circumstances stated. In no other case is a court of the United States authorized to issue process affecting a judgment or proceeding in a state court. No injunction can be issued by a federal court nor prohibition to a state court. Acting under the state laws, each court may proceed, and its judgments are final, unless the case is embraced by the 25th section above stated, or is required to be certified on the ground of the citizenship of the defendant. If the ordinance of the city be in conflict with any commercial regulation by congress, there is an adequate remedy at law. The question may be made in the mayor's court, and if decided against the complainants, an appeal or certiorari is given them as a matter of course, to a higher court, from which, by a writ of error, the case may be taken to the supreme court of the state, and thence to the supreme court of the United States. An adequate remedy would be to defeat the claim of the city, if it be in violation of the constitution of the United States, or of any act of congress, or authority of the United States. There is then a plain and an adequate remedy at law, and, consequently, relief cannot be given in equity, even if the circuit court of the United States had power to enjoin the proceedings of a state court. If no suit had been commenced in the state court, but was only threatened, still there would be no sufficient ground for an injunction. The threatening to bring a suit at law, for any purpose, in a matter of this kind, could not be considered a mischief against which an action at law would not afford redress. It is not within the rule on which chancery interposes by injunction.

An injunction may be issued in a patent case, before the right is established at law, where the right appears to be clear. But this is founded upon the nature of such cases. There is no effectual remedy against the violation of a patent, except by injunction. Damages at law may discourage the piracy and cause an individual to abandon it, but this is a matter resting with the defendant. An injunction affords the only adequate protection. The prayer for an injunction is overruled.

ROGERS (COMMONWEALTH v.). See Case No. 3,068.

## Case No. 12,009.
### ROGERS et al. v. CROMMELIN.
[1 Cranch, C. C. 536.][1]

Circuit Court, District of Columbia. June Term, 1809.

APPEARANCE—AUTHORITY—TERM PASSED.

After an appearance entered at a previous term it is too late to call for the authority to appear.

Motion by Mr. Jones and F. S. Key, to dissolve the injunction without answer.

CRANCH, Chief Judge, being a nominal plaintiff, did not sit in the cause.

R. B. Key and C. Lee called on the defendant's attorneys for their authority to appear.

Mr. Jones and F. S. Key, contra, contended that the objection was too late as an appearance had been entered at the last term; and

THE COURT was of that opinion.

[1] [Reported by Hon. William Cranch, Chief Judge.]